ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEATHERSTONE ENTERTAINMENT, LLC,

          Plaintiff,

  -against-

GRAND HUSTLE FILMS, LLC; YANELEY ARTY; SITUATIONSHIPS THE FILM, LLC; AND CLIFFORD JOSEPH HARRIS, JR. p/k/a "T.I.,"

          Defendants.

25 Civ. 5124(LLS)

OPINION & ORDER

Defendant Situationships the Film, LLC ("LLC") moves to set aside an entry of default pursuant to Federal Rule of Civil Procedure 55(c). Dkt. No. 52. For the following reasons, the LLC's motion is granted.

**Background and Procedural History**

Plaintiff Featherstone Entertainment, LLC ("Featherstone") filed a summons, complaint, and application for a temporary restraining order and preliminary injunction on June 18, 2025. Dkt. Nos. 1-10. The LLC was served the aforementioned documents via process server on June 23, 2025, and certified mail on June 30, 2025. Dkt. No. 32. The LLC's agent designated to accept service of process accepted the documents. Id.

The LLC's answer was due on July 14, 2025. However, the LLC did not file an answer on or before this date, nor did it appear

at a show cause hearing held before the Court on June 26, 2025, or a conference held on September 4, 2025.

Featherstone obtained a Clerk's Certificate of Default on September 4, 2025, and moved for default judgment on September 12, 2025. Dkt. Nos. 44, 45. An attorney for the LLC filed a Notice of Appearance with this Court on September 18, 2025, and the LLC filed a letter motion to set aside the entry of default on the same day. Dkt. Nos. 51, 52.

## Legal Standard

A defendant can seek to have an entry of default set aside pursuant to Federal Rule of Civil Procedure 55(c). "Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) (collecting cases). These factors must be applied in accordance with the Second Circuit's strong "preference for resolving disputes on the merits." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).

The standard for setting aside an entry of default under Rule 55(c) is "lenient" and "less rigorous than the excusable neglect standard for setting aside a default judgment by motion pursuant to Rule 60(b)." Snow, 652 F.2d at 277. Entry of default judgment is an "extreme sanction," which should "remain a weapon of last,

rather than first, resort." Id.; see also Enron, 10 F.3d at 96 (2d Cir. 1993) (explaining defaults are "generally disfavored and are reserved for rare occasions[.]").

## Discussion

### a. Willfulness

"The Second Circuit has interpreted willfulness in the context of a default to refer to conduct that is 'more than merely negligent or careless.'" Sea Hope Navigation Inc. v. Novel Commodities SA, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (quoting S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)). The following considerations are relevant to that determination, none of which is dispositive: "whether the defendant moved promptly to vacate the default upon notice of the judgment, whether the defendant made its correct address unavailable to plaintiff, whether the defendant had actual notice of the action, and whether the defendant knew that the plaintiff had a claim against them." Durso v. Mod. Food Ctr., Inc., 2019 WL 2150424, at *5 (S.D.N.Y. May 17, 2019).

Courts may also consider a defendant's lack of response to a plaintiff's complaint and summons. Courts in this District "have held the default to be willful when a defendant simply ignores a complaint without action." Brown v. DeFilippis, 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988); see also Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, 241 F.R.D. 451, 455 (S.D.N.Y.

2007), aff'd, 316 F. App'x 51 (2d Cir. 2009) (finding a default willful because a defendant ignored plaintiff's summons and complaint without an explanation).

It is undisputed that the LLC was properly served on June 25 and 30, 2025. Service was made upon the LLC's registered agent, and Featherstone also mailed the LLC a physical copy of the complaint and supporting documents by certified mail. Included in this service of process was Featherstone's application for a temporary restraining order, which "is necessarily limited to a very brief period," and is, by definition, time sensitive. Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n, PAA Chapter, AFL-CIO, 306 F.2d 840, 843 (2d Cir. 1962). Because Featherstone's application for a temporary restraining order required a show cause hearing, the LLC should have been on notice that this Court would schedule the hearing "at the earliest possible time," in accordance with Federal Rule of Civil Procedure 65(b). Still, it did not respond.

Moreover, co-defendant Grand Hustle Films, LLC ("Grand Hustle") is a majority member of the LLC. Grand Hustle retained counsel for itself, appeared at the Court's hearing and conference, and answered Featherstone's complaint. Yet, for reasons that remain largely unexplained in the LLC's letters, Grand Hustle did not also secure counsel for the LLC. The default was allegedly due to a misunderstanding between the

- 4 -

LLC's majority and minority members about who would "undertake[] efforts to address Plaintiff's lawsuit in toto." Dkt. No. 52 at 2. This demonstrates the LLC's awareness of the litigation.

The LLC had actual notice of an immediate, time sensitive action and hearing before this Court. It was well-aware of the claims against it, and its members discussed how to respond to the complaint. Yet, the LLC did not appear at the show cause hearing, did not appear at the Rule 16(b) conference, and did not answer Featherstone's complaint. The LLC's decision to ignore this litigation weighs in favor of a finding of willfulness.

However, the LLC responded almost immediately to Featherstone's motion for default judgment. An attorney for the LLC entered a notice of appearance less than a week after Featherstone filed its motion. On the same day, the LLC filed a letter requesting this Court set aside the entry of default. Since then, the LLC's responses have been timely. There is no indication the LLC engaged in spurious or intentionally dilatory behavior, such as failing to update its address or refusing to provide an agent for service of process.

The LLC has also demonstrated an intent to meaningfully participate in this litigation, and its actions were far less severe than other cases of willfully defaulting defendants. Cf. Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension

Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015)(defaulting party failed to file a responsive pleading for over nine months after receipt of summons and complaint); Vertamedia Grp., Inc. v. Patient Conversation Media, Inc., 2016 WL 7441643, at *3 (E.D.N.Y. Dec. 27, 2016) (defaulting party intentionally returned an unopened complaint without explanation); Sea Hope Navigation Inc., 978 F. Supp. 2d at 338-39 (defaulting party stopped using a registered agent and failed to update the address listed with the Secretary of State).

Whether the LLC willfully defaulted is a close question. The LLC acted negligently and carelessly by failing to respond to Featherstone's complaint, summons, and application for a temporary restraining order. This is all the truer because the majority member of the LLC, Grand Hustle, took steps to timely respond to the action. Yet, the LLC's prompt response to Featherstone's motion for default judgment demonstrates a willingness to engage in good faith in the litigation. The Second Circuit is clear that "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron, 10 F.3d at 96.

### b. Prejudice

"On the issue of prejudice, the Second Circuit has held that '[d]elay alone is not a sufficient basis for establishing prejudice.'" Sea Hope Navigation Inc., 978 F. Supp. 2d at 339 (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Davis, 713 F.2d at 916.

The proceedings remain in a preliminary stage, with no discovery conducted, no trial date set, and no initial disclosures made. It is unlikely that permitting the LLC to litigate its case would prejudice Featherstone. See Henry v. Oluwole, 108 F.4th 45, 53 (2d Cir. 2024) (finding no prejudice where a litigant filed a motion to set aside his default judgment before a trial date was set). The LLC filed an appearance with the Court shortly after Featherstone filed its motion for default judgment, which also weighs against prejudice. See Sea Hope Navigation Inc., 978 F. Supp. 2d at 339 (finding it "almost impossible" to establish prejudice when a defaulting defendant filed an appearance in court less than a month after plaintiff filed it motion for a default judgment).

Featherstone argues it is prejudiced because the LLC is "actively pursuing trademark filings" that "undermine[]

Featherstone's registration and goodwill." Dkt. No. 53 at 3. This does not demonstrate prejudice because Featherstone obtained a temporary restraining order ("TRO") prohibiting all defendants from "producing, releasing, teasing, advertising, marketing, announcing, or promoting a film" that utilizes Featherstone's mark or any similar mark. Dkt. No. 27. The TRO's restraints will remain in place even if the entry of default is vacated. This is sufficient to prevent the "opportunity for fraud or collusion." Davis, 713 F.2d at 916. The Court finds the LLC's default does not prejudice Featherstone.

### c. Meritorious Defense

"[O]n the question of a meritorious defense, the defendant need not conclusively establish the validity of the defense(s) asserted, but need only present evidence of facts that, if proven at trial, would constitute a complete defense." Sea Hope Navigation Inc., 978 F. Supp. 2d at 339 (internal quotations and citations omitted). The LLC does not need to prove a likelihood of success on the defense, rather "a defendant's allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense." Id. (internal quotations and citations omitted). Finally, default is disfavored when there are clearly contested issues of fact and law. See Corso v. First Frontier Holdings, Inc., 205 F.R.D. 420, 421 (S.D.N.Y. 2001).

The LLC alleges Featherstone cannot demonstrate infringement and commercial exploitation because "the film in development has now transitioned to an entirely different title, brand, and mark bearing no relationship to Situationships." Dkt. No. 52 at 3. Because the film is still in production, there are also no profits to disgorge. Whether the LLC infringed on Featherstone's mark and profited from the infringement are disputed questions of fact and law, which weigh against vacatur of default. The Court finds the LLC has presented sufficient facts that, if proven at trial, would constitute a meritorious defense.

**d. Fees**

The LLC was served on June 23, 2025, and for the succeeding 87 days did nothing with respect to the fact of service. It did not file an answer, did not ask for an extension, and did not communicate with the individuals who had served it. It remained aloof from the litigation until it was ruled to be in default. That was not accidental. That irresponsible disregard for the processes of this Court should not go unpunished.

The first 21 of those days the LLC was not in default, for it was within the time the law gives for an answer to a complaint. The remaining 66 days are unaccounted for and no satisfactory explanation has been articulated for the ignoring of the case. The imposition of a payment of $25.00 a day produces the sum of $1,650.00, which the LLC is directed to pay to Featherstone as a

sanction. The Court also orders the LLC to reimburse Featherstone for the costs for the making of the motion for default. See Pro Tect Mgmt. Corp. v. Worley, 1991 WL 190582, at *4 (S.D.N.Y. Sept. 18, 1991) ("Since the default judgment was because of defendant's negligence, the defendant must pay the costs and attorneys' fees incurred by plaintiff in obtaining and registering the default judgment."); see also Corso, 205 F.R.D. at 420 (same).

## Conclusion

Defendant's motion to set aside the clerk's entry of default is granted. Plaintiff's motion for default judgment is denied as moot. Dkt. No. 45.

So ordered.

Dated:   New York, New York
         September 30, 2025

                                       *Louis L. Stanton*
                                       LOUIS L. STANTON
                                       U.S.D.J.